**FILED**

**September 20, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:32 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Sally Lurz, | ) | |
| Employee, | ) | **Docket No. 2015-02-0462** |
| | ) | |
| v. | ) | **State File No. 62185-2015** |
| | ) | |
| International Paper Company, | ) | **Judge Brian K. Addington** |
| Employer. | ) | |
| | ) | |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on September 13, 2017, for a Compensation Hearing. The central legal issues are whether Ms. Lurz suffered an injury arising primarily out of and in the course and scope of her employment, and if, so, to which benefits she is entitled. The Court holds that Ms. Lurz suffered an injury arising primarily out of and in the course and scope of her employment and she is entitled to past and ongoing medical, temporary total disability and permanent partial disability benefits.

### History of Claim

Ms. Lurz worked as a helper on the roller-type conveyor line stacking and labeling box units. The line activated by a photographic eye. On occasion, the eye did not activate the rollers, so the helper pushed the boxes down the line.

### *The Incident*

On July 30, 2015, Ms. Lurz worked as Donald Short's helper on the line. They both wore earplugs in the noisy work environment. At approximately 12:30 p.m., as Mr. Short fed cardboard toward Ms. Lurz, the boxes became stuck. Ms. Lurz approached the jam, stood on the rollers, and pushed the boxes with her right shoulder and hip. As the

boxes moved forward, she slipped and fell. Mr. Short did not see or hear her fall. At the 1:00 p.m. scheduled break, Ms. Lurz informed Mr. Short that she fell.

No one saw or heard Ms. Lurz's fall. Co-workers testified that International's production floor is noisy and the machine operator could not always see the helper. Further, the helper job required an employee to use two arms: an employee could not perform the job for any length of time with one arm. Co-workers found Ms. Lurz to be truthful with them. She told them she injured her shoulder at work.

*Treatment*

International initially accepted Ms. Lurz's right shoulder claim and provided authorized medical treatment with panel physicians, Dr. Shannon Hancock and Dr. Brian Holloway. Ms. Lurz told them she injured her shoulder in a fall at work. Dr. Holloway believed Ms. Lurz injured her shoulder in a fall. Later, International sent Dr. Holloway videos of Ms. Lurz at work on July 29 and 30. In response, Dr. Holloway sent International a letter stating the videos initiated him questioning the cause of Ms. Lurz's injury but he needed more information.[1] International denied her claim on November 20, 2015, "Based on response from panel physician regarding causation."

From that point forward, Ms. Lurz treated with Dr. Holloway under her private health insurance. When Dr. Holloway saw Ms. Lurz after the denial, he again questioned her regarding the cause of her injury. Ms. Lurz re-affirmed that she injured her shoulder at work.

Dr. Holloway performed right shoulder surgery on December 22, 2015. Ms. Lurz complied with treatment and quickly recovered. On March 11, 2016, Dr. Holloway released Ms. Lurz for light-duty work, placed her at maximum medical improvement (MMI) and assigned a seven-percent permanent medical impairment rating, according to the AMA Guides 6th Edition. Ms. Lurz tried to return to work, but International would not accommodate her restrictions. Dr. Holloway released Ms. Lurz to work without restrictions on March 25. Ms. Lurz returned to work on March 29 and continued to work for International at the time of the hearing.

*Videos*

International videos its timeclock and break areas. It presented nine videos of Ms. Lurz beginning on July 29 and ending at the July 30 1:00 p.m. break.[2] The July 29

---

[1] Although the parties discussed Dr. Holloway's doubts during the hearing, they did not discuss this particular letter. Although contained in the medical records, the Court finds Dr. Holloway's later deposition testimony more informative and persuasive.

[2] The Court notes a discrepancy between the timeclock and date stamp on the videos. The Court finds these discrepancies minimal. They do not affect the outcome of the case.

videos showed Ms. Lurz using her right arm in a predominant matter. The July 30 videos showed her predominately using her left arm; however, she held items in both arms.

*Dr. Holloway's Deposition*

Dr. Holloway acknowledged that his causation opinion depended on an accurate history, but he knew of no other injury. He stated her injury appeared more likely than not to be work-related. Dr. Holloway observed from the July 30 videos that Ms. Lurz did not use her right arm or swing it as freely as some people would. He wondered whether Ms. Lurz's injured her arm before work on July 30 and decided to investigate further. As part of his investigation, Dr. Holloway re-asked Ms. Lurz about her injury and sought additional information or witnesses from the employer. However, Ms. Lurz reiterated she injured her shoulder when she fell at work and International did not provide any further information. Further, Dr. Holloway asserted that the short videos were "snapshots" and only a part of the information he considered.

*Wages*

Ms. Lurz's average weekly wage was $935.65, which provided her a compensation rate of $623.80. Ms. Lurz received $4,418.40 from an employer funded short term disability policy following surgery.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Ms. Lurz has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015).

*Compensability*

Ms. Lurz's burden includes proving her shoulder injury arose primarily out of and in the course and scope of the employment. To meet this burden, she must show her injury was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14) (2016).

Ms. Lurz repeatedly told co-workers, International, and the authorized providers that she did not previously injure her right shoulder but injured it when she fell while pushing boxes at work. The Court observed Ms. Lurz and found her credible. Dr. Holloway trusted Ms. Lurz when she told him she injured her shoulder at work. Later,

International presented videos that Dr. Holloway stated show Ms. Lurz guarded her right shoulder when she arrived at work and during the morning of July 30 before the alleged injury time. Dr. Holloway viewed the videos, and they raised questions as to whether Ms. Lurz injured her shoulder as she claimed. However, he did not change his opinion after he re-asked her, post-denial, about the cause of her injury. She confirmed she fell at work and International did not come forward with more information. The Court holds that Ms. Lurz's injury was more likely than not work-related, after a careful reading of Dr. Holloway's deposition and accepting his assertion that the videos are just a piece of the causation issue.

Based on the preponderance of the evidence, the Court holds that Ms. Lurz proved her right shoulder injury arose primarily out of and in the course and scope of employment.

*Benefits*

The parties stipulated that if the Court found the claim compensable, the treatment provided by Dr. Hancock and Dr. Holloway was reasonable, necessary and work-related. The Workers' Compensation law requires hat the employer pay all medical care for work injuries, so International shall pay all previous unpaid medical bills with Dr. Hancock and Dr. Holloway. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A). Exhibit seven contains the list of unpaid bills and out-of-pocket expenses. Further, International shall continue to provide authorized treatment with Dr. Holloway.

As for disability benefits, the parties stipulated that Dr. Holloway took Ms. Lurz totally off work from December 22, 2015, through March 10, 2016. Although Ms. Lurz testified she did not return to work until March 29 because Dr. Holloway placed her on light-duty restrictions, the parties stipulated she reached MMI on March 11. MMI ends all temporary disability obligations. *See* Tenn. Code Ann. § 50-6-207(1)(A). Therefore, Ms. Lurz is entitled to temporary total disability benefits from December 22, 2015, through March 10, 2016, in the amount of $7,040.22. The Court acknowledges Ms. Lurz received $4,418.40 in employer-paid short-term disability payments. The parties stipulated that International is entitled to an offset for those benefits. Under these circumstances, International shall pay Ms. Lurz $2,621.82 in temporary total disability benefits.

Finally, concerning permanent partial disability benefits, Dr. Holloway's assigned a seven-percent impairment, which equates to thirty-one and one-half weeks of benefits or $19,649.70. Ms. Lurz's initial period of benefits ended on June 14, 2016. As Ms. Lurz continued to work for International on that date, the parties stipulated that International did not owe Ms. Lurz increased benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. International shall continue to provide Ms. Lurz with medical treatment made reasonably necessary by the July 30, 2015 injury and in accordance with Tennessee Code Annotated section 50-6-204. Dr. Holloway is designated the authorized treating physician for any future care.

2. International shall pay Ms. Lurz temporary total disability benefits of $2,621.82.

3. International shall pay Ms. Lurz permanent partial disability benefits in the amount of $19,649.70. Ms. Lurz is not entitled to any increased benefits.

4. Mr. Taylor is entitled to a fee in the amount of twenty percent of Ms. Lurz's total award, or $4,454.30, plus expenses, to be paid by Ms. Lurz.

5. Costs of $150.00 are assessed against International under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid within five days of this Order becoming final.

6. International shall prepare and file a statistical data form within ten business days of the date of this Order under Tennessee Code Annotated section 50-6-244.

7. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

The 20th day of September, 2017.


/s/ Brian K. Addington
**Brian K. Addington**
**Workers' Compensation Judge**

## APPENDIX

**Technical Record**

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice to Show Cause
4. Order on Show Cause
5. Request for Initial Hearing
6. Initial Hearing Order
7. Notice of Discovery
8. Agreed Order to Amend Deadlines
9. Joint Motion to Reset Deadline for Discovery Related Motions
10. Agreed Order to Amend Deadlines Set in Initial Hearing Order
11. Revised Initial Hearing Order
12. Revised Scheduling Hearing Order
13. Second Revised Scheduling Order
14. Notice of Objection to Plaintiff's Use of Standard Form Medical Report (Form C-32) of Dr. Brian Holloway
15. Post ADR Dispute Certification Notice
16. Initial Joint Stipulations
17. Employee's Witness List and Exhibit List
18. Employer's Exhibit and Witness List
19. Employer's Pre-Compensation Hearing Statement
20. Ms. Lurz's Compensation Hearing Brief
21. Employer's Pre-Compensation Hearing Statement
22. Employer's Compensation Hearing Brief
23. Supplement to Employer's Compensation Hearing Brief

**Exhibits**

1. Medical Records-Dr. Shannon Hancock
2. Medical Records-Dr. Brian Holloway
3. Collective Exhibit-Videos
4. Deposition transcript of Dr. Brian Holloway and collective exhibits
5. Form C-32 of Dr. Brian Holloway
6. Employee's Time Sheet for July 27, 2015-August 1, 2015
7. Employee's Medical Bill Summary and collective exhibits

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 20th day of September, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service Sent To: |
|------|---------------|---------|-----------|------------------|
| Jeffrey Taylor, Esq. | | | X | jeff@taylorlawfirmtn.com |
| Matt Drake, Esq. | | | X | matt.drake@leitnerfirm.com |

Penny Shrum, Clerk of Court
WC.CourtClerk@tn.gov